**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:

PAUL W. FLESH and          CASE NO.:   6:10-bk-02023-ABB
VANESSA C. FLESH,              CHAPTER 7

      Debtors.

_____/

### CHAPTER 7 TRUSTEE'S MOTION TO (i) AUTHORIZE SALE OF ESTATE'S MINORITY INTERESTS IN CERTAIN CLOSELY HELD ENTITIES SUBJECT TO HIGHER OFFERS, (ii) APPROVE BREAK UP FEE AND (iii) IMPLEMENT RIGHT OF FIRST REFUSAL

      ROBERT E. THOMAS, in his capacity as the duly appointed Chapter 7 Trustee ("Trustee") for the bankruptcy estate of PAUL W. FLESH and VANESSA C. FLESH ("Debtors"), pursuant to 11 U.S.C. § 363(f), Rules 2002, 6004, and 9014, Fed.R.Bankr.P., moves (the "Sale Motion") for the entry of an Order authorizing and approving the sale of the estate's minority interests in certain closely held entities, subject to higher offers free and clear of all liens, claims, encumbrances, and interests, with valid and enforceable encumbrances, if any, attaching to the proceeds of the sale, approving a breakup fee, and implementing a right of first refusal. In support of this Sale Motion, Trustee states as follows:

### I.     Jurisdiction and Venue

      1.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings is proper in this Judicial District pursuant to 28 U.S.C. § 1408.

### II.     Background

-1-

2. On February 11, 2010, the Debtors filed their voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

3. Trustee is the duly appointed trustee in this case.

### III. Proposed Sale of the Minority Interests

4. Property of the bankruptcy estate, pursuant to 11 U.S.C. §541(a), includes the estate's minority interest in the following three (3) closely held entities (collectively, the "Minority Interests") as disclosed on the Debtor's sworn Schedule "B" with the following percentage of ownership and stated value:

      (a) Avia Capital Partners, LLC, a Florida limited liability company ("Avia"); 25% membership interest owned by the estate, with an unknown value per the Debtors;

      (b) Waterford Lakes Capital Partners, LLC, a Florida limited liability company ("Waterford"); 20% membership interest owned by the estate, with an unknown value per the Debtors; and

      (c) CFP at Waterford, LLC, a Florida limited liability company ("CFP") (Avia, Waterford, and CFP are each individually referred to as an "Entity" and collectively the "Entities"); 18% membership interest owned by the estate, with an unknown value per the Debtors.

### IV. Prospective Buyer and Proposed Purchase Price

5. The Trustee has received a $6,000 offer (the "Initial Bid") for the Minority Interests from Ms. Ashleigh Harp (the "Buyer"), pursuant to the Sale Contract attached hereto as Exhibit "A" (the "Sale Contract"), and the Buyer has deposited with the Trustee a deposit equal to 25% of the Initial Bid in the amount of $1,500.

6. Accordingly, subject to the Court's approval, Trustee proposes to sell the estate's right, title, and interest in and to the Minority Interests to the Buyer pursuant to the terms of the Sale Contract.

-2-

## V.    The Stalking Horse Fee

7.      The Trustee has determined that the offer presented by the Buyer represents the highest or otherwise best present offer for the Minority Interests. Buyer has agreed to be the stalking-horse bidder provided it receives a break-up fee (the "Stalking Horse Fee"). The Stalking Horse Fee shall be a flat fee of $1,000 and shall be earned and payable in the event the Bankruptcy Court approves a sale of the Minority Interests to a Qualified Bidder (as defined herein) (which may be the Buyer), for a price other than the Initial Bid.

8.      The Trustee and the Buyer have dealt with one another in good faith and at arm's length. The Trustee submits that the $1,000 Stalking Horse Fee is essential for multiple purposes including (i) maximizing value of any bids; (ii) compensating Buyer for the effort entailed in compiling and presenting its offer to the Trustee and for Buyer's counsel for the fees incurred in drafting this Motion and proposed Order for approval by the Trustee; (iii) Buyer's gathering and presenting of due diligence which is now available to the Trustee and Qualified Bidders; and (iv) conducting Rule 2004 examinations concerning the Minority Interests, open to all Bidders. Moreover, the approval of the Stalking Horse Fee is a condition upon which Buyer's offer is based.

## VI.    11 U.S.C. §363(m) Good Faith Buyer

9.      The Trustee believes that the Buyer has made its offer to purchase the Minority Interests in good faith.

10.     The Buyer is not a creditor of the Debtors. However, the Buyer is the daughter of another member and manager of the Entities.

4814-3486-3622.4
44041/0001

11.    The Trustee requests that this Court recognize the Buyer as a good faith purchaser for value pursuant to 11 U.S.C. §363(m).

## VII.    Liens and Encumbrances

12.    Pursuant to the Sale Contract, the Trustee proposes to sell the estate's right, title, and interest in and to the Minority Interests, (a) "as is/where is," with no express or implied warranties, guarantees, or representations of any kind, and (b) free and clear of all liens, claims (as defined by 11 U.S.C. §101(5)), encumbrances and interests (collectively, the "Encumbrances"), if any, with any valid Encumbrances attaching to the proceeds of sale pursuant to 11 U.S.C. § 363(f).

13.    The Debtor's sworn schedules do not disclose any Encumbrances on the Minority Interests. Trustee is not aware of any Encumbrances on the Minority Interests.

## VIII.    Transactional Costs

14.    Pursuant to the terms and conditions of the Sale Contract, the Buyer will be responsible for all transactional costs associated with the sale of the Minority Interests.

## IX.    Sale is "As Is, Where Is"- No Warranties

15.    The Minority Interests are being sold "as is, where is" with no warranties of any kind "express, implied or otherwise." It is the Buyer's responsibility to examine title or otherwise and identify any encumbrances not disclosed above that exist, and it is the Buyer's responsibility to satisfy those encumbrances.

## X.    Request for Authority to Sign Documents Necessary to Close Sale

4814-3486-3622.4
44041/0001

16.     The Trustee requests that this Court authorize him to sign any documents necessary to close the sale of the Minority Interests that are within his purview and authority as Chapter 7 bankruptcy trustee.

## XI.     Sale Procedures

17.     The Trustee will entertain any higher bids for the purchase of the Minority Interests described above. Such bids must be in writing and adhere to the same terms and conditions as contained in the Sale Contract.

## A.     Bid Procedures

18.     The Trustee has systematically determined that the proposed bidding and auction procedures (the "Bidding Procedures") are necessary to maximize the realizable value of the Minority Interests for the benefit of the Debtor's estate, creditors and other interested parties, consistent with the need to expedite the sale process. The Bidding Procedures are as follows:

### (i)     Participation Requirements

19.     Unless otherwise ordered by the Bankruptcy Court, for good cause shown, to participate in the bidding process a "Qualified Bidder" must deliver a written bid in an amount of at least $6,000; and (ii) have provided a cashier's check to the Trustee of 25% of their bid by the Bid Deadline below.

### (ii)     Due Diligence

20.     The Operating Agreement of each of the Entities will be available for review at the Trustee's office during normal business hours prior to the sale. All potential bidders are strongly encouraged to review such documents prior to submission

-5-

of a bid.  All potential bidders are invited to participate in a Rule 2004 examination of a representative of each Entity.

### (iii) **Bid Deadline and Bid Requirements**

21.     Any higher and competing bids must be received by the Trustee at P.O. Box 5075, Winter Park, FL 32793-5075 no later than five (5) days *before* the scheduled hearing on the instant motion (the "Bid Deadline").

22.     The Trustee will consider a bid only if the bid:

(a)     provides for a Purchase Price of at least $6,000;

(b)     is on similar terms that, in the Trustee's sole business judgment, are substantially similar to and not materially more burdensome or conditional than the terms of the Sale Contract;

(c)     is not conditioned on obtaining financing or on the outcome of unperformed due diligence by the Qualified Bidder with respect to the assets sought to be acquired;

(d)     states the legal name of the Qualified Bidder, an address of the Qualified Bidder, an identifying tax identification number and any relationship to any member or manager to any of the Entities or the Debtors;

(e)     does not request or entitle the Qualified Bidder to any break-up fee, termination fee, expense reimbursements, commission or similar type of payment;

(f)     is subject to the Operating Agreement for each Entity, unless modified by Court Order, including the rights of first refusal set forth therein.  For purpose of the successful exercise of a right of first refusal, the Purchase Price is allocated 1/3 to the estate's minority interest in Avia, 1/3 to the estate's minority interest in the Waterford, and 1/3 to the estate's minority interest in CFP; and

(g)     The sale of the Minority Interests would also be subject to the admittance of the Buyer as a substituted member of each of the Entities in accordance with the applicable Operating Agreement and the

-6-

termination of Paul W. Flesh's position as a manager of each of the Entities.

23.    A bid received from a Qualified Bidder that meets the above requirements is a "Qualified Bid."

24.    If the Trustee receives a higher and competing bid for the Minority Interests, a telephone auction will occur among the competing bidders on the earliest date the Trustee can arrange such an auction.  The Trustee shall notify all Qualified Bidders who have submitted Qualified Bids.  At such auction, Qualified Bidders will be permitted an opportunity to increase their bids.

25.    Upon conclusion of the auction, or, if the Trustee, in his sole discretion, determines not to proceed with the auction, then promptly following the Bid Deadline, the Trustee shall review each Qualified Bid on the basis of the financial and contractual terms and the factors relevant to the sale process, including those factors affecting the speed and certainty of consummating the sale with respect to such assets and identify the highest and best offer for the Minority Interests (the "Successful Bid").  The person or entity making the Successful Bid is referred to as the "Successful Bidder."

26.    At the Sale Hearing,  the Trustee shall present the Successful Bid to the Bankruptcy Court for approval.  The Trustee may adopt rules for the bidding process that, in his judgment, will better promote the goals of the bidding process and that are not inconsistent with any of the provisions of the Sale Contract, any Bankruptcy Court order, or the Bidding Procedures set forth by the Trustee.

(iv)  **Acceptance of Qualified Bids and Bid Protections**

4814-3486-3622.4
44041/0001

27.     The Trustee presently intends to sell the Minority Interests to the Buyer or other Qualified Bidder submitting the highest or otherwise best Qualified Bid.  The Trustee's presentation to the Bankruptcy Court for approval of a particular Qualified Bid does not constitute the Trustee's acceptance of the bid, except as otherwise provided by the Bidding Procedures.  The Trustee may accept a bid by another Qualified Bidder at its sole discretion.

(v)     <strong><u>Non-Binding Back-up Bidder</u></strong>

28.     The Successful Bidder shall close within three (3) days of the expiration of the right of first refusal period required by the Operating Agreement for each Entity.  The next highest bidder shall be designated the Back-Up Bidder and shall be given the opportunity to close within three (3) days after notification that the Successful Bid has failed to close on the same terms as the Successful Bid.

**B.     <u>Implementation of Right of First Refusal (Secondary Auction)</u>**

29.     Upon selection of the Successful Bidder, the Trustee shall notify the members and managers of the Entities in writing of the terms of the Successful Bid in accordance with Article IX or other applicable section of the Operating Agreement for each Entity; provided, however, the sixty (60) day periods during which the members and managers, respectively, may elect to exercise their rights of first refusal to purchase the Minority Interests in the various Entities shall run concurrently and any members and/or managers that exercise their rights must have provided a cashier's check to the Trustee of 25% of their bid at the time they exercise their right of first refusal.

-8-

30.     In the event that a member or manager of any Entity exercises its right of first refusal, a telephone auction will occur among the Successful Bidder and the electing members and/or manager on the earliest date the Trustee can arrange such an auction.  At such auction, the Successful Bidder and the members and/or managers exercising rights of first refusal will be permitted an opportunity to increase their bids. Upon conclusion of the auction, if held, the highest and best monetary offer for the Minority Interests (if other than the original Successful Bid) shall thereafter be and become the Successful Bid and the person making such offer shall be deemed to be the Successful Bidder.

## XII.   <u>Notification that F.R.B.P 6004(h) Applies</u>

31.     Parties and interested bidders are hereby notified that F.R.B.P 6004(h) applies to the sale of the Minority Interests.  F.R.B.P 6004(h) states as follows: "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."

32.     Therefore, the closing of the sale will not occur before fourteen (14) days after the entry of an order(s) approving the sale.

WHEREFORE, Trustee respectfully requests this Court to enter an Order granting the following relief:

a.     granting this Sale Motion in all respects;

b.     approving the Sale Contract and authorizing Trustee to execute any and all documents necessary to consummate the sale of the Minority Interests;

-9-

c. recognizing the Buyer as a good faith purchaser for value pursuant to 11 U.S.C. §363(m);

d. authorizing and approving the sale of the Minority Interests for the Purchase Price of $6,000 and the Minority Interests will be free and clear of all Encumbrances, with all valid Encumbrances attaching to the proceeds of the sale and all holders of Encumbrances being enjoined from asserting such claims against the Buyer;

e. approving the Stalking Horse Fee of $1,000;

f. admitting the Buyer as a substituted member of each of the Entities in accordance with Article IX of the respective Operating Agreement and terminating Paul W. Flesh as a manager of each of the Entities;

g. limiting service of the order approving the proposed sale of the Minority Interests to the Debtor, the Debtor's attorney, the Trustee, the Buyer, the Buyer's attorney, the Office of the United States Trustee, and other parties to the proposed transaction and any objecting party;

h. retaining jurisdiction over this matter for the entry of further Orders as may be necessary or appropriate; and

h. granting such other and further relief as the Court deems just and proper.

Robert E. Thomas, Chapter 7 Trustee
P.O. Box 5075
Winter Park, Florida  32793-5075

-10-

Telephone:   (407) 677-5651

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by either electronic noticing or U.S. Mail to: Attorney for Debtor: Frank M. Wolff, Esquire, Wolff Hill McFarlin & Herron PA, 1851 West Colonial Drive, Orlando, FL 32804; Debtors: Paul W. Flesh and Vanessa C. Flesh, 2266 Three Rivers Drive, Orlando, FL 32828; Attorney for Buyer: Roy S. Kobert, P.A., Broad and Cassel, 390 North Orange Avenue, Suite 1400, Orlando, Florida 32801; all Parties listed on the attached creditors matrix, the Office of the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, and the other Members of the Entities: Whitney W. Harp, 12850 Waterford Lakes Parkway, Orlando, FL 32828; Andrew C. Shumway, 14155 Popcorn Tree Court, Orlando, Florida 32828; Brent Baldasare, 2806 Northampton Avenue, Orlando, Florida 32828; Brent R. Baldasare, 2806 Northamton Avenue, Orlando, Florida 32828; Daniel R. Saile, 2452 Bancroft Boulevard, Orlando, Florida 32833; and Leon and Corina Sacco, 2438 River Rise Orlando, FL 32828 this 30th day of June, 2010.

BROAD AND CASSEL
Attorneys for Proposed Buyer
390 North Orange Avenue
Suite 1400
Orlando, Florida  32801
PO Box 4961 (32802-4961)
Phone: (407) 839-4200
Fax: (407) 650-0927

*/s/ Roy S. Kobert*

By:_____
   Roy S. Kobert, P.A.
   Florida Bar #: 777153
   rkobert@broadandcassel.com

-11-

## EXHIBIT "A"

## SALE CONTRACT

**THIS SALE CONTRACT** (the "Sale Contract") is entered into this _____ day of June, 2010, ("Effective Date") by and among ROBERT E. THOMAS, in his capacity as the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of PAUL W. FLESH and VANESSA C. FLESH ("Debtors"), as seller, and ASHLEIGH HARP ("Buyer"), as buyer.

**WHEREAS**, the estate of the Debtors is the owner of a minority interest in Avia Capital Partners, LLC, a Florida limited liability company ("Avia")[1], Waterford Lakes Capital Partners, LLC, a Florida limited liability company ("Waterford")[2], and CFP at Waterford, LLC, a Florida limited liability company ("CFP")[3] (Avia, Waterford, and CFP are each individually referred to as an "Entity" and collectively referred to as the "Entities"); and

**WHEREAS**, Buyer desires to purchase from the Debtors' estate, the estate's interest in the Entities, in accordance with the terms and conditions of this Sale Contract.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises contained herein, the parties hereto agree as follows:

1 .    <u>Recitals</u>.  The recitals set forth above in the "Whereas" clauses are true and correct and are incorporated herein by this reference.

2.    <u>Sale and Purchase</u>.  Subject to the terms and conditions hereinafter set forth in this Sale Contract, Trustee agrees to sell and transfer all the interest of the Debtors' estate in the Entities, including, but not limited to, the Debtors' estate's economic interest and the right to participate in the management of the business and affairs of the Entities (the "Minority Interests"), to Buyer, and Buyer agrees to purchase and acquire the Minority Interests from Trustee for the Purchase Price and pursuant to the terms set forth below.

---

[1] According to Debtors' sworn schedule, the Debtors own a 25% membership interest with an unknown value.

[2] According to Debtors' sworn schedule, the Debtors own a 20% membership interest with an unknown value.

[3] According to Debtors' sworn schedule, the Debtors own a 18% membership interest with an unknown value.

-12-

3.  **Purchase Price, Deposit, and Stalking Horse Fee.**  Buyer shall pay to Trustee and Trustee shall accept as complete and total payment for the Minority Interests to be sold and purchased hereunder, the sum of $6,000, payable at Closing (the "Purchase Price"), allocated as follows: 1/3 for the estate's interest in Avia, 1/3 for the estate's interest in Waterford, and 1/3 for the estate's interest in CFP.  Upon execution of this Sale Contract, Buyer shall pay to Trustee a deposit in the amount of 25% of the Purchase Price (the "Deposit").  The Deposit shall only be refundable to Buyer as set forth herein.  At Closing, the Deposit shall be credited to the Purchase Price.

4.  **Closing.**  Within ten (10) days after the Effective Date, Trustee shall file a motion pursuant to 11 U.S.C. § 363(f) with the United States Bankruptcy Court for the Middle District of Florida, requesting an order (the "Sale Order") approving the terms of this Sale Contract, subject to higher and competing bids to be received by Trustee and the rights of first refusal identified below.  In the event that competing bids are presented to Trustee and Buyer's offer is not the highest and best offer as determined by Trustee (whether by auction or otherwise), this Sale Contract shall terminate and Trustee shall refund the Deposit to Buyer.  Upon entry of the Sale Order, Trustee shall give notice, as necessary, to the managers and/or members of the Entities, as necessary, pursuant to and in accordance with the provisions of the respective Operating Agreement for each Entity.  In the event that a right of first refusal is exercised by either a manager and/or member of an Entity pursuant to Article IX or other applicable section of the Operating Agreement for the respective Entity, Trustee shall give written notice thereof to Buyer, and Buyer shall, within ten (10) days thereafter, elect to either terminate this Sale Contract and receive a return of the Deposit, proceed with this transaction subject to a reduction of the Purchase Price in the amount of $2,000 for each Entity for which a right of first refusal is exercised, or elect to go forward to purchase the Minority Interest(s) by increasing its offer for the Minority Interest(s) to exceed that of the party exercising its right of first refusal (whether by auction or otherwise).  In the event that a right of first refusal is successfully exercised for all of the Entities and Buyer does not elect to increase its offer to exceed the price offered by the party exercising a right of first refusal, this Sale Contract shall terminate and the Deposit shall be refunded to Buyer.  Notwithstanding the foregoing, at the time of the Closing on the sale of the Minority Interests (including pursuant to  a right of first refusal), Trustee shall pay to Buyer a stalking horse fee in the amount of $1,000.  Subject to the conditions set forth herein, the closing of the transactions contemplated herein (the "Closing") shall be held at the offices of the Buyer's attorney or at any other location mutually agreeable to the parties hereto, within three (3) days of the expiration of all right of first refusal periods required by Article IX or other applicable section of the respective Operating Agreements for the Entities (the "Closing Date").

5.  **Representations and Warranties of the Trustee.**  Trustee hereby represents and warrants to Buyer that Trustee has the legal right and authority to enter into this Sale Contract and to consummate the sale of the Minority Interests, subject to

-13-

the approval of the United States Bankruptcy Court for the Middle District of Florida.

6.  **Deliveries at Closing.**  To consummate the transactions contemplated by this Sale Contract the parties hereto will, on the Closing Date, execute and deliver, or cause to be executed and delivered, the following, each to the other, as required:

(a)  **From Trustee to Buyer.**  At Closing, Trustee shall duly execute and/or deliver to Buyer an executed Assignment of Minority Interests in a form acceptable to Trustee and Buyer, together with evidence from the United States Bankruptcy Court for the Middle District of Florida that the Buyer has been admitted as a substituted member of each of the Entities in accordance with the respective Operating Agreement and that Paul W. Flesh has been terminated as a manager of each of the Entities.

(b)  **From Buyer to Trustee.**  At Closing, Buyer shall deliver to Trustee the Purchase Price in immediately available funds.

7.  **Miscellaneous.**

(a)  **Attorney Fees.**  In connection with any litigation, including appellate proceedings, arising out of or under this Sale Contract, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs from the losing party.  Except as otherwise provided in this Sale Contract, each party hereto shall bear its own attorneys' fees and any other professional fees associated with the transactions contemplated in this Sale Contract.

(b)  **Entire Agreement.**  This Sale Contract constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes any prior agreements and understandings related to such subject matter.  Neither this Sale Contract nor any term or provision hereof may be changed, waived, discharged or terminated orally, but only by an instrument in writing signed by the party against which or whom enforcement of the change, waiver, discharge or termination is sought.

(c)  **Notices.**  All notices, requests, demands, elections and other communications permitted or required hereunder shall be in writing, signed by the party giving same, and shall be delivered personally or sent by United States certified mail, return receipt requested, postage prepaid, addressed to the other party as follows:

If to Buyer:     Ashleigh Harp
                 12850 Waterford Lakes Parkway
                 Orlando, FL 32828

-14-

<table>
<tr><td>With a copy to:</td><td>Broad & Cassel<br>Attn: Roy S. Kobert, P.A.<br>390 N. Orange Avenue<br>Suite 1400<br>Orlando, FL 32801</td></tr>
<tr><td>If to Trustee:</td><td>Robert E. Thomas, Chapter 7 Trustee<br>P.O. Box 5075<br>Winter Park, FL 32793-5075</td></tr>
</table>

Any notice, request, demand, election or other communication so given shall be deemed to have been given and received as of the date the same is actually hand delivered or is deposited in the United States mail in the manner specified above. Any party may change the address to be used for notification purposes hereunder by providing written notice thereof to the other party.

     (d)    <u>Binding Effect</u>. This Sale Contract shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, successors and assigns.

     (e)    <u>Governing Law</u>. This Sale Contract shall be governed by and construed in accordance with the laws of the State of Florida. The parties specifically agree that venue and jurisdiction of any actions arising out of this Sale Contract shall lie exclusively in the United States Bankruptcy Court for the Middle District of Florida, and the parties specifically waive any other venue and jurisdiction.

     (f)    <u>Interpretation</u>. Whenever the singular number is used in this Sale Contract and when required by the context the same shall include the plural and vice versa, and the masculine gender shall include the feminine and neuter genders and vice versa. The headings in this Sale Contract are inserted for convenience only are in no way intended to describe, interpret, define, or limit the scope, extent or intent of this Sale Contract or any provision thereof. In the event any one or more of the provisions contained in this Sale Contract shall for any reason be held by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of the Sale Contract, and this Sale Contract shall be construed as if the invalid, illegal, or unenforceable provision had never been included. In the event it is submitted that any term or condition of this Sale Contract is susceptible of more than one reasonable interpretation, then said term or condition shall not be construed against either party, notwithstanding that it was drafted in whole or in part by said party.

     (g)    <u>Time is of the Essence</u>. As to all performance dates contained in this Sale Contract, time is of the essence.

-15-

(h)   Counterparts.  This Sale Contract may be executed in one or more counterparts and/or by facsimile, each of which shall be deemed an original, and all of which when together shall constitute one and the same instrument.

(i)   Approval of Bankruptcy Court.  Notwithstanding anything contained herein to the contrary, the sale of the Minority Interests is subject to the notice and hearing requirements of the United States Bankruptcy Code and the entry of an order by the United States Bankruptcy Court approving the sale.

**IN WITNESS WHEREOF,** the parties hereto have fully executed and delivered this Sale Contract as of the day and year first above written.

TRUSTEE:

_____
Robert E. Thomas, Chapter 7 Trustee for
the bankruptcy estate of Paul W. Flesh
and Vanessa C. Flesh

BUYER:

_____
Ashleigh Harp

-16-

Label Matrix for local noticing
113A-6
Case 6:10-bk-02023-ABB
Middle District of Florida
Orlando
Wed Jun 30 14:54:39 EDT 2010

APPALACHIAN COMMUNITY BANK
C/O THOMPSON, O'BRIEN ETAL
40 TECHNOLOGY PKWY SOUTH
STE 300
NORCROSS, GA 30092-2924

APW Real Estate Development
2266 Three Rivers Dr
Orlando, FL 32828-6417

AT & T
PO Box 105503
Atlanta, GA 30348-5503

AT&T Mobility
c/o Nationwide Recovery Sys
2304 Tarpley Dr #134
Carrollton, TX 75006-2470

American Collection Systems
Attn R. Hartley
2500 Corporate Exchange Dr
Columbus, OH 43231-7665

American Collection Systems
PO Box 1968
Southgate, MI 48195-0968

American Collection Systems
PO Box 29117
Columbus, OH 43229-0117

Andrew C Shumway
3440 N Goldenrod Road
Apt 427
Winter Park, FL 32792-8768

Appalachian Community Bank
109 Blue Ridge Dr
Mc Caysville, GA 30555-2767

Appalachian Community Bank
a/k/a Gilmer Bank
PO Box 10
109 Blue Ridge Drive
Mc Caysville, GA 30555-2767

Appalachian Community Bank
c/o Bret T Thrasher, Esq
Thompson, O'Brien, et al, PC
40 Technology Pkwy S #300
Norcross, GA 30092-2924

Avia Capital Partners LLC
c/o Brent Baldasare
2806 Northampton Ave
Orlando, FL 32828-7911

Avia Management LLC
c/o Brent Baldasare
2806 Northampton Ave
Orlando, FL 32828-7911

(p)BB AND T
PO BOX 1847
WILSON NC 27894-1847

BB&T
PO Box 2067
Greenville, SC 29602-2067

BB&T of TN Business Loan Cen
PO Box 530003
Charlotte, NC 28258-0003

BSCT Holdings, LLC
Attn Raul Sacarras
3708 South Conway Rd
Orlando, FL 32812-7608

Baker Hostetler, LLP
PO Box 112
Orlando, FL 32802-0112

Baldwin Accounting CPA
5728 Major Blvd Ste 501
Orlando, FL 32819-7970

Bank of America
450 American St
Simi Valley, CA 93065-6285

Bank of America
BAC Home Loans Servicing LP
PO Box 660833
Dallas, TX 75266-0833

Bank of America
Customer Service
PO Box 5170
Simi Valley, CA 93062-5170

Beverly Nairn
c/o Worldwide Capital Mtg
1855 W SR 434
Suite 267
Longwood, FL 32750-5070

Blue Ridge Georgia
Capital Partners, LLC
c/o Brent Baldasare
2806 Northampton Ave
Orlando, FL 32828-7911

Branch Banking & Trust Company
c/o Law Offices of Daniel C. Consuegra
Daniel C Consuegra
9204 King Palm Dr
Tampa, FL 33619-1328

Brent & Angela Baldasare
2806 Northampton Ave
Orlando, FL 32828-7911

Brent Baldasare
2806 Northampton Ave
Orlando, FL 32828-7911

Build It Construction, Inc
2266 Three Rivers Drive
Orlando, FL 32828-6417

CFP at UCF, LLC
d/b/a The Firkin & Knight
12850 Waterford Lakes Pkwy
Suite 10
Orlando, FL 32828-7098

CFP at UCF, LLC
d/b/a The Firkin & Knight
c/o Paul Flesh
2266 Three Rivers Dr
Orlando, FL 32828-6417

CFP at Waterford, LLC
d/b/a The Firkin & Kegler
12850 Waterford Lakes Pkwy
Suite 10
Orlando, FL 32828-7098

Cahours Brothers
c/o Richard Bergholtz, Esq
3747 Lake Center Dr
Mount Dora, FL 32757-2363

Capital One
PO Box 71083
Charlotte, NC 28272-1083

Capital One Bank (USA), NA
PO Box 71083
Charlotte, NC 28272-1083

Capital One Bank USA NA
PO Box 30281
Salt Lake City, UT 84130-0281

Cemex Construction Materials
Attn Danielle Belcher
3626 Quadrangle Blvd Ste 200
Orlando, FL 32817-8348

Central FL Pubs, LLC
d/b/a Firkin Group of Pubs
12850 Waterford Lakes Pkwy
Orlando, FL 32828-7098

Charlton Stoner, PA
500 S Pointe Dr Ste 230
Miami Beach, FL 33139-7318

(p)CHRYSLER FINANCIAL
27777 INKSTER RD
FARMINGTON HILLS MI 48334-5326

Citi
PO Box 660370
Dallas, TX 75266-0370

Citi Mastercard
PO Box 7032
Sioux Falls, SD 57117-7032

Citibank (South Dakota), NA
Citimaster Card
Processing Center
Des Moines, IA 50364-0001

Citibank (South Dakota), NA
Customer Service Center
PO Box 6500
Sioux Falls, SD 57117-6500

Citibank South Dakota
c/o Daniella Diaz
Zakheim & Associates
1045 S University Dr Ste 202
Plantation, FL 33324-3333

Citicorp Credit Services Inc
Processing Center
Des Moines, IA 50364-0001

City Electric Supply
c/o Lewis W Stone, Esq
4850 N Hwy 19A
Mount Dora, FL 32757-2008

Concord Funding Group
57 Watermark Dr
Tiverton, RI 02878-4272

Daniel C. Consuegra
9204 King Palm Drive
Tampa, FL 33619-1328

Craig Buschbom
2805 Northampton Ave
Orlando, FL 32828-7912

Daniel Saile &
Patricia Spinelli
2452 Bancroft Blvd C39
Orlando, FL 32833-3807

David D Howes
2114 The Oaks Blvd
Kissimmee, FL 34746-3810

David Edmundson
623 Carey Way
Orlando, FL 32825-6916

Dennis Rakaukas
9904 Montclair Circle
Apopka, FL 32703-1969

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Discover Bank
2500 Lake Cook Road
Riverwoods, IL 60015-1838

Discover Bank
PO Box 6403
Carol Stream, IL 60197-6403

Discover Bank
c/o Brian K Szilvasy, Esq
Zwicker & Associates, PC
3030 Hartley Rd  Ste 150
Jacksonville, FL 32257-8210

Discover Financial Svcs, LLC
PO Box 15316
Wilmington, DE 19850-5316

Edgewood Estates, LLC
c/o Brent & Angela Baldasare
2806 Northampton Ave
Orlando, FL 32828-7911

Equity Auto Financing, Inc
Attn Lauren Wright
2718 W Oakland Park Blvd
Fort Lauderdale, FL 33311-1336

Eric Janowitz
2974 Sweetspire Cir
Oviedo, FL 32766-6615

Erik Lerner
1405-D Hiawassee Rd
Orlando, FL 32835-5786

FDIC
f/k/a OMNI Bank
Attn Cole Kirk
Six Concourse Pkwy #2300
Atlanta, GA 30328-6185

Paul W Flesh
2266 Three Rivers Drive
Orlando, FL 32828-6417

Vanessa C Flesh
2266 Three Rivers Drive
Orlando, FL 32828-6417

Florida Bank of Commerce
c/o Maureen A. Vitucci
GrayRobinson, P.A.
301 E. Pine Street
Suite 1400
Orlando, FL 32801-2798

Florida Bank of Commerce
c/o Craig E Polejes
105 E Robinson Street
Suite 303
Orlando, FL 32801-1622

Florida Bank of Commerce
c/o John M Brennan
PO Box 3068
Orlando, FL 32802-3068

Florida Bank of Commerce
c/o Maureen A Vitucci
PO Box 3068
Orlando, FL 32802-3068

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

(p)FOCUS RECEIVABLES MANAGEMENT LLC
1130 NORTHCHASE PARKWAY STE 150
MARIETTA GA 30067-6429

Gavin Neumann
Corporate Kitchen Consultant
20 Steelcase Rd West Unit 1C
Markham ON
L3R 1B2

Global Credit Collection
300 I-Drive Suite 100
PMB 10015
Buffalo, NY 14221

H and H Stucco & Stone, Inc
Attn Lisa Oonk, Esq
5201 W Kennedy Blvd
Suite 450
Tampa, FL 33609-1861

H and H Stucco & Stone, Inc
c/o Brian D Solomon, PL
101 E 13th St
Saint Cloud, FL 34769-4749

Hartford South, LLC
Attn Jay Rintelmann
7326 Orange Ave
Orlando, FL 32809-6055

Hartford South, LLC
PO Box 593515
Orlando, FL 32859-3515

Hartford South, LLC
c/o B. McDowell, Esq
Holland & Knight
200 S Orange Ave Ste 2600
Orlando, FL 32801-3453

Home Depot Credit Card Svcs
Ccs Gray Ops Center
PO Box 6497
Sioux Falls, SD 57117-6497

Home Depot Credit Card Svcs
PO Box 559000
Dallas, TX 75255-9000

Home Depot Credit Services
PO Box 6925
The Lakes, NV 88901-6925

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Interstruct, Inc
Attn Richard Monroe
121 S Orange Ave
Suite 820N
Orlando, FL 32801-3233

J.W. Stephens
3387 E 1st Street
Blue Ridge, GA 30513-7115

Jackie D Haun
3828 Lake Pickett Court
Orlando, FL 32820-1145

Jim's Plumbing & Irrigation
6915 Partridge Ln
Orlando, FL 32807-5313

John Alexandrou
3925 Peppervine Dr
Orlando, FL 32828-7710

Jonathan & Arlene Noble
2500 Milvia Street
Suite 218
Berkeley, CA 94704-2636

Jeffry R Jontz
Swann & Hadley PA
1031 W Morse Boulevard
Post Office Box 1961
Winter Park, FL 32790-1961

Kenneth McKinney
10355 Stone Glen Dr
Orlando, FL 32825-8534

Law Offices
McCalla Raymer, LLC
1544 Old Ababama Rd
Roswell, GA 30076-2102

Leasing Innovations, Inc
87 Summer Street
4th Floor
Boston, MA 02110-1208

Leasing Innovations, Inc
c/o Kenneth Rubinstein, Esq
Nelson, Kinder, et al, PC
99 Middle Street
Manchester, NH 03101-1955

Leon & Corina Sacco
2438 River Rise Court
Orlando, FL 32828-7788

Linda D Axwell
15600 SW 36th Street
Ocala, FL 34481-5903

Scott A Livingston
Stovash Case & Tingley PA
200 South Orange Avenue
Suit 1220
Orlando, FL 32801-3439

Scott A Livingston
Stovash, Case & Tingley, P.A.
200 South Orange Avenue
Suite 1220
Orlando, FL 32801-3439

Luks, Santaniello, et al
c/o Oretes Perex
110 Tower, 20th Fl
110 SE 6th St
Fort Lauderdale, FL 33301-5000

Mathew C Westheimer
8515 W McNab Road
Fort Lauderdale, FL 33321-3209

Mathew Hand
2288 Holly Pine Cir
Orlando, FL 32820-2275

Mountain Tracks
Developing & Building, LLC
c/o J.W. Stephens, RA
3387 E 1st Street
Blue Ridge, GA 30513-7115

Nature's Estates Resort &Spa
c/o Brent Baldasare
2806 Northampton Ave
Orlando, FL 32828-7911

Orange County Tax Collector
Attn: Earl K. Wood
Post Office Box 2551
Orlando FL 32802-2551

Our Father's Properties, LLC
1705 E Highway 50
Clermont, FL 34711-5186

Paul C. Sorchy II
1705 E Hwy 50 Ste B
Clermont, FL 34711-5186

Prime Rate/BB&T
223 West Nash St
Wilson, NC 27893-3801

R.W. Banks Real Estate Inc
c/o Robert W Banks
3022 Lakewood Lane
Hollywood, FL 33021-2643

Roadloans
PO Box 661028
Sacramento, CA 95866-1028

Roadloans.com
7711 Center Ave
Suite 100
Huntington Beach, CA 92647-3070

Roadloans.com
PO Box 4459
Huntington Beach, CA 92605-4459

SBA
409 3rd Street SW
Washington, DC 20416-0005

Stacey-Ann Saint-Hubert
Florida Default Law Group
Post Office Box 25018
Tampa, FL 33622-5018

Samuel T Li
832 Monte Rosa Lane
Manteca, CA 95337-6690

Santander Consumer
PO Box 660633
Dallas, TX 75266-0633

Scott T Frazier
Terry and Frazier PA
125 E Jefferson Street
Orlando, FL 32801-1803

Shands HealthCare
PO Box 3475
Toledo, OH 43607-0475

Shands Teaching Hospital
PO Box 100005
Atlanta, GA 30384-0005

Shmuel Goshen
749 De Soto Drive
Palo Alto, CA 94303-2807

Robert J. Stovash
Stovash, Case &Tingley, P.A.
200 South Orange Avenue
Suite 1220
Orlando, FL 32801-3439

Susan M Collins
4124 Pebblebrook Court
Orlando, FL 32820-1408

Swell Construction
c/o Ryan E Davis, Esq
PO Box 1391
Orlando, FL 32802-1391

The Bank of New York Mellon
Kahane and Associates
8201 Peters Road
Suite 3000
Plantation, FL 33324-3292

The Ferkin Pub
20 Steelcase Rd West
Unit 1C
Markham, ON L3R1B2
Canada

Robert E Thomas
Post Office Box 5075
Winter Park, FL 32793-5075

Titanium Solutions Inc
5225 W Wiley Post Way
Suite 150
Salt Lake City, UT 84116-3264

Tri Tech Air Conditioning
Attn Barry Kalmanson, Esq
500 N Maitland Ave
Suite 305
Maitland, FL 32751-4463

Trustco Bank
P. O. Box 1961
Winter Park, FL 32790-1961

Trustco Bank
Attn George Wickswat
3 Sarnowski Drive
Schenectady, NY 12302-3503

Trustco Bank
c/o Jeffry Jontz, Esq
Swann & Hadley, PA
PO Box 1961
Winter Park, FL 32790-1961

UCF Convocation Center
Bldg 50 N Gemini Blvd
Orlando, FL 32816-0001

UCF Convocation Center
c/o Richard E Mitchell, Esq
GrayRobinson, PA
PO Box 3068
Orlando, FL 32802-3068

United States Trustee - ORL7
135 W Central Blvd., Suite 620
Orlando, FL 32801-2440

Maureen A Vitucci
Gray Robinson PA
301 East Pine Street
Suite 1400
Orlando, FL 32801-2798

Wachovia Bank, NA
450 American St SV
Simi Valley, CA 93065-6285

Wachovia Bank, NA
PO Box 3117
Winston Salem, NC 27102-3117

Wachovia Bank, NA
PO Box 96074
Charlotte, NC 28296-0074

Wachovia Bank, NA
Retail Credit Collections
PO Box 45092
Jacksonville, FL 32232-5092

Wachovia Bank/FIU
PO Box 3117
Winston Salem, NC 27102-3117

Waterford Lk Capital Partner
12850 Waterford Lakes Pkwy
Orlando, FL 32828-7098

Jason A Weber
Kahane and Associates, P.A.
8201 Peters Road, Suite 3000
Plantation, FL 33324-3292

Wells Fargo
PO Box 10335
Des Moines, IA 50306-0335

Wells Fargo Bank, NA
P.O. Box 25018
Tampa, FL 33622-5018

Wells Fargo Equity Resource
3476 Stateview Blvd
Fort Mill, SC 29715-7203

Wells Fargo Home Mortgage
3480 Stateview Blvd
Fort Mill, SC 29715-7203

Wells Fargo Home Mortgage
8480 Stagecoach Cir
Frederick, MD 21701-4747

Whitney & Patricia Harp
2589 Corbyton Court
Orlando, FL 32828-7516

Whitney Harp
2589 Corbyton Court
Orlando, FL 32828-7516

Frank M Wolff
Wolff Hill McFarlin & Herron PA
1851 West Colonial Drive
Orlando, FL 32804-7013

Woodbury, LLC
3440 N Goldenrod Rd #427
Winter Park, FL 32792-8768

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

BB&T
223 West Nash St
Wilson, NC 27893

(d)BB&T
PO Box 2306
Wilson, NC 27894

Chrysler Financial
5225 Crooks Rd
Suite 140
Troy, MI 48098

(d)Chrysler Financial
Credit Dispute Dept
PO Box 9223
Farmington, MI 48333

Discover Bank
12 Reads Way
New Castle, DE 19720-1649

(d)Discovery Card
PO Box 15316
Wilmington, DE 19850-5316

Focus Receivables Management
1130 Northchase Pkwy
Suite 150
Marietta, GA 30067

Internal Revenue Service
Post Office Box 21126
Philadelphia PA 19114


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)APW Real Estate Development
2266 Three Rivers Drive
Orlando, FL 32828-6417

(d)Avia Management LLC
c/o Brent Baldasare
2806 Northampton Avenue
Orlando, FL 32828-7911

(u)Arthur B. Briskman
Orlando

(d)Capital One Bank USA, NA
PO Box 30281
Salt Lake City, UT 84130-0281

(u)Christine Henderson
STREET
CITY

(u)Citi
PO Box 689020

(d)Interstruct, Inc
Attn Richard Monroe
121 S Orange Ave Ste 820N
Orlando, FL 32801-3233

(d)Leon and Corina Sacco
2438 River Rise Court
Orlando, FL 32828-7788

(u)WT Electrical Contractor Inc
Attn Wilson Tabares
1990 S Chickasaw Trail

End of Label Matrix
Mailable recipients   149
Bypassed recipients     9
Total                 158